**ATLANTIC SEABOARD CORP. et al. v. FEDERAL POWER COMMIS- SION et al.**

**No. 6500.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 18, 1952.

Decided Nov. 21, 1952.

Rehearing Denied Jan. 2, 1953.

See 200 F.2d 796.

Edward S. Pinney, New York City (Jack W. Robbins and Richard A. Rosan, New York City, C. E. Goodwin, Charleston, W. Va., and Cravath, Swaine & Moore, New York City, on brief), for petitioners.

W. Russell Gorman, Atty., Federal Power Commission, Washington, D. C., (Bradford Ross, Gen. Counsel, Bernard A. Foster, Jr., Asst. Gen. Counsel, and Reuben Goldberg, Atty., Federal Power Commission, Washington, D. C., on brief), for respondent Federal Power Commission.

James O. Watts, Jr., Lynchburg, Va., for respondents Commonwealth Natural Gas Corp. and Lynchburg Gas Co.

Stoddard M. Stevens, New York City (John Richardson, Jr., New York City and C. Oscar Berry, Washington, D. C., on brief), for respondent Washington Gas Light Co.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to review an order of the Federal Power Commission fixing gas rates. Petitioners on April 10, 1950, filed tariffs with the Commission proposing changes in existing rates to be made effective May 1, 1950. These rates were suspended by the Commission as provided by the Natural Gas Act, and did not become effective until September 1, 1951. The order which we are asked to review in this proceeding reducing the rates was not entered until April 25, 1952. In the meantime, petitioners on September 7, 1951 filed new tariffs increasing the rates here in controversy over those contained in the tariffs filed on April 10, 1950. These rates became effective on March 7, 1952 upon the filing of a bond by petitioners.

It thus appears beyond question that the rates which we are asked to review have never become effective and that they can have no effect upon petitioners unless the

Commission in passing upon the rates filed September 7, 1951 should simply deny the increased rates asked without fixing other rates. In such event the difference between the rates which we are asked to review and the rates collected since March 7, 1952 would measure the refund which petitioners would be required to make under the bond which they have filed. In this posture of the case, we do not think that we should pass upon the important questions raised by the petition, which may turn out to have no practical significance whatever, but should remand the case to the Commission with direction to pass upon the tariffs filed September 7, 1951, and with leave to the petitioners to apply thereafter for review of the Commission's actions, including any matter involved in the proceeding now before us which may then be material.

Remanded with directions.